UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MARLON JERMAINE SPENCER,<br>Defendant. | Case No.  09-cr-00400-BLF-1<br><br>**ORDER DENYING DEFENDANT'S PETITION FOR RESENTENCING PURSUANT TO 18 U.S.C. § 3582(c)**<br><br>[Re:  ECF 102] |
|---|---|

Defendant Marlon Jermaine Spencer, proceeding *pro se*, has filed a "Petition for Resentencing Pursuant to 18 U.S.C. § 3582(c) by a Person in Federal Custody."  Petition, ECF 102.  As discussed below, § 3582(c) authorizes a district court to grant a motion for sentence reduction under certain circumstances, but proceedings under § 3582(c) "do not constitute a full resentencing of the defendant."  U.S.S.G. § 1B1.10(a)(3).  Accordingly, the Court construes Defendant's petition for resentencing as a motion for a sentence reduction.  The motion is DENIED for the reasons discussed below.

**I.    BACKGROUND**

On June 2, 2010, the grand jury issued a single-count superseding indictment charging Defendant with Possession with Intent to Distribute Cocaine Base in the Form of Crack Cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii).  Superseding Indictment, ECF 52.  On December 2, 2010, the United States filed an Information for Increased Punishment by Reason of Prior Felony Drug Conviction.  Information, ECF 82.  Defendant entered an open plea of guilty as to count one of the superseding indictment and the information re enhancement.  Minute Entry, ECF 83. On March 14, 2011, the judge then assigned to the case, District Judge James Ware, sentenced Defendant to a prison term of 120 months, a supervised release term of ten years, and a

1   monetary penalty of $100.  Minutes, ECF 89.  Judge Ware entered a judgment on March 14, 2011

2   and an amended judgment on April 1, 2011.  Judgment, ECF 90; Am'd Judgment, ECF 92.

3         Defendant now seeks a reduction of the 120 month prison term.  Petition, ECF 102.  The

4   Federal Public Defender's Office has filed a Notice of Non-Intervention, indicating that it "has

5   reviewed Defendant's motion and has nothing further to add to his request."  Notice of Non-

6   Intervention, ECF 104.  The Notice states further that the Federal Public Defender's Office is "not

7   presently seeking appointment in this matter" and "will not seek to intervene."  *Id.*  The United

8   States Probation Office has filed a Sentence Reduction Investigation Report opining that

9   Defendant is not eligible for a reduction in sentence under § 3582(c).  Sentence Reduction

10  Investigation Report, ECF 105.

**II.  LEGAL STANDARD**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Congress has provided limited exceptions to that rule in 18 U.S.C. § 3582(c), providing in relevant part as follows:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(2).

"The Supreme Court has clarified that § 3582(c)(2) requires a two-step inquiry." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in USSG § 1B1.10."  *Id.*  That policy statement enumerates a list of amendments to the United States Sentencing Commission, *Guidelines Manual* ("Guidelines"), which have lowered the sentencing ranges for certain offenses.  U.S.S.G. § 1B1.10(d).  In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if

the amendment(s) . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

If the defendant is eligible for a reduced sentence under the amended guideline range, the district court turns to step two of the inquiry. At step two, the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The factors set forth in 18 U.S.C. § 3553(a) include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

### III. DISCUSSION

Defendant requests a reduction in his sentence pursuant to Amendment 782 to the Guidelines, which is one of the amendments enumerated in U.S.S.G. § 1B1.10(d). *See* U.S.S.G. § 1B1.10(d). Amendment 782 lowered the recommended sentences for certain drug crimes by reducing by two levels the base offense levels in the Drug Quantity Tables at U.S.S.G. §§ 2D1.1 and 2D1.11. U.S.S.G., sup. app'x C, amend. 782 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015). Amendment 782 may be applied retroactively. U.S.S.G., sup. app'x C, amend. 788 (2014); *Navarro*, 800 F.3d at 1107.

Under the two-step process outlined above, this Court must determine at step one whether Defendant is eligible for a sentence reduction. Ordinarily, the step one determination would involve a comparison between the sentence Defendant received under the original guideline range and the sentence he might have received under the amended range if the amended range had been in effect at the time of sentencing. However, the Court need not make that comparison in this case because Defendant was sentenced pursuant to the statutory mandatory minimum. *See* Am'd

Statement of Reasons ("SOR").[1] A defendant is not eligible for a sentence reduction under § 3582(c) if he was sentenced to pursuant to a statutory mandatory minimum term of imprisonment. *United States v. Paulk*, 569 F.3d 1094, 1096 (9th Cir. 2009).

The Court notes that the parties disagreed as to what the mandatory minimum was in light of an amendment to 21 U.S.C. § 841 that took effect after the offense but before sentencing. The United States argued in its sentencing memorandum that "a mandatory minimum of 20 years is the statutorily required sentence," Pl.'s Sentencing Memorandum at 2, ECF 87, while Defendant argued in his sentencing memorandum that the mandatory minimum sentence was ten years, Def.'s Sentencing Memorandum at 3, ECF 88. Judge Ware issued a reasoned order earlier in the case explaining why he believed the mandatory minimum to be 120 months. Order at 5, ECF 81. The Presentence Investigative Report ("PSR") indicated that the mandatory minimum was 120 months. PSR at 19.[2] Judge Ware sentenced Defendant to 120 months imprisonment, Am'd Judgment, ECF 92, and he indicated in the Amended SOR that "Mandatory minimum sentence imposed." Because this record makes clear that Defendant was sentenced pursuant to the statutory mandatory minimum, he is not eligible for a sentence reduction under § 3582(c).

The Court's step one determination that Defendant is not eligible for a sentence reduction is dispositive. The Court notes that most of Defendant's briefing addresses factors that the Court would consider in the exercise of its discretion if it were to reach step two of the analysis. Because the analysis ends at step one in this case, the Court cannot consider those factors here.

**IV. ORDER**

Defendant's Petition for Resentencing Pursuant to 18 U.S.C. § 3582(c) is DENIED.

Dated: December 15, 2015

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] Pursuant to this Court's normal practice, the Amended SOR is maintained by the United States Probation Office rather than in the Court's file.

[2] At the time Defendant was sentenced, the United States Probation Office typically did not file PSRs. The Court obtained the PSR from the United States Probation Office along with the Am'd SOR.